FILED
DISTRICT COURT OF GUAM
JUN 10 2005 *7P*

MARY L.M. MORAN
CLERK OF COURT

(17)

KIM SAVO
Assistant Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:     (671) 472-7111
Facsimile:     (671) 472-7120

Attorney for Defendant
HAROLD J. CRUZ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MG 05-00007 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED JURY |
| | ) | INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| HAROLD J. CRUZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Defendant, HAROLD J. CRUZ, by and through his counsel of record, Kim Savo,

Assistant Federal Public Defender hereby submits the following proposed substantive jury

instructions in the above-captioned case.

Mr. Cruz respectfully request leave to include such other and additional instructions

as may become appropriate during the course of trial.

DATED: Mongmong, Guam, June 10, 2005.

_____
KIM SAVO
Attorney for Defendant
HAROLD J. CRUZ

# TABLE OF CONTENTS

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions,
(5th Ed. 2000), Section 12.10 Presumption of Innocence, Burden of Proof,
and Reasonable Doubt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.1 -- Duty of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.2 -- The Charge - Presumption of Innocence - . . . . . . . . . . . . . . . . . . . 3

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.3 -- What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.4 -- What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.5 -- Evidence of Limited Purpose . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.6 -- Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . 7

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.7 -- Ruling on Objections . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.8 -- Credibility of Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.9 -- Conduct of Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.10 -- No Transcript Available to Jury . . . . . . . . . . . . . . . . . . . . . . . . 11

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.11 -- Taking of Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 1.12 - Outline of Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

i

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.1 Duties of Jury to Find Facts and Follow Law . . . . . . . . . . . . . . . . . . . . . 14

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.2 -- Charge Against Defendant Not Evidence -
Presumption of Innocence - Burden of Proof . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.2 -- Modified to Reflect Change . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.3 -- Defendant's Decision Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . 17

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.6 -- What is Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.7 -- What is Not Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.8 -- Direct and Circumstantial Evidence . . . . . . . . . . . . . . . . . . . . . . . . . 20

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.9 -- Credibility of Witness . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 3.11 -- Activities Not Charged . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 5.3 -- Attempt . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 5.6 -- Knowingly Defined . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.1 -- Duty to Deliberate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.2 - Consideration of Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.3 -- Use of Notes . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.4 -- Jury Consideration of Punishment ........................... 28

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 7.6 -- Communication with Court ................................ 29

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 9.9 - Modified to Reflect Charge of Attempt
Under 16 U.S.C. § 3372(a)(3) and (4) ........................................... 30

Manual of Model Jury Instructions for the Ninth Circuit,
(2003 Ed.) Section 9.9 - Modified to Reflect Charge of
Attempt Under 16 U.S.C. § 3372(a)(3) and (4) ..................................... 31

5 Guam Code Ann. § 63121 ..................................................... 32

5 Guam Code Ann. § 63101 ..................................................... 33

iii

## COURT'S INSTRUCTION NO. __
## PROPOSED INSTRUCTION NO. 1

I instruct you that you must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"– with no evidence against him. The indictment as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense- - the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, the defendant has committed each and every element of the offense charged in the indictment, you must find defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions- - one of innocence, the other of guilt- - the jury must, of course, adopt the conclusion of innocence. [1]

---

[1] O'Malley, Grenig & Lee, Federal Jury Practice and Instructions (5th Ed. 2000), Section 12.10 Presumption of Innocence, Burden of Proof, and Reasonable Doubt

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 2**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.1 - Duty of Jury

## COURT'S INSTRUCTION NO. __
## PROPOSED INSTRUCTION NO. 3

This is a criminal case brought by the United States government. The government charges that (1) the defendant violated the Assimilative Crimes Act, Title 18, United States Code Sections 7(3) and 13, by attempting to take wildlife in violation of Title 10, Guam Code Annotated, Sections 60109, 60108(e), and 60121(c); and (2) the defendant violated Title 18, United States Code Section 1382, by going upon a United States military reservation, for a purpose prohibited by law, namely intending to engage in conduct in violation of Title 16, United States Code Section 3372(a)(3)(A) and Title 5 Guam Code Section 63121, that is attempting to take wildlife with an artificial light.

The charges against the defendant are contained in the complaint. The complaint is simply the description of the charge made by the government against the defendant; it is not evidence of anything.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. A defendant has the right to remain silent and never has to prove innocence or present any evidence.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.2 - The Charge - Presumption of Innocence (Modified to Reflect Change)

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 4**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received into evidence; and

(3)     any facts to which all the lawyers stipulate.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.3 - What is Evidence

**INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 5**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)    statements and arguments of the attorneys;

(2)    questions and objections of the attorneys;

(3)    testimony that I instruct you to disregard; and

(4)    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.4 - What is Not Evidence

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 6**

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.5 - Evidence for Limited Purpose

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 7**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.6 - Direct and Circumstantial Evidence

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 8**

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.7 - Ruling on Objections

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 9**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case and any bias or prejudice;

(5)  whether other evidence contradicted the witness's testimony;

(6)  the reasonableness of the witness's testimony in light of all the evidence; and

(7)  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.8 - Credibility of Witnesses

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 10**

I will now say a few words about your conduct as jurors.

Until the trial is over:

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the bailiff to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.9 - Conduct of Jury

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 11**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.10 - No Transcript Available of Jury

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 12**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the court room.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.11 - Taking Notes

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 13**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 1.12 - Outline of Trial

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 14**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.1 - Duties of Jury to Find Facts and Follow Law

## COURT'S INSTRUCTION NO. __
## PROPOSED INSTRUCTION NO. 15

The complaint is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.2 - Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 16**

The complaint in this case accuses the defendant, Harold J. Cruz of the crimes of Assimilative Crimes Act – unlawful taking of wildlife, a misdemeanor, and entering military property, a misdemeanor.

**Count I** of the complaint states that on or about April 9, 2005, in the District of Guam, at a place within the special maritime and territorial jurisdiction of the United States, namely Andersen Air Force Base, Guam, on land acquired for the use of the United States and under its concurrent jurisdiction, did knowingly and unlawfully attempt to possess wildlife, namely: attempted to take wildlife, deer or wild pigs with an artificial light in violation of Title 5, Guam Code Annotated, Section 63121 and 63125, all in violation of Title 16 United States Code, Section 3372(a)(3)(A) and (4) and Title 18 United States Code, Sections 7(3) and 13.

**Count II** of the complaint states that on or about April 9, 2005, in the District of Guam, the defendant, Harold J. Cruz, went upon a United States military reservation, namely: Andersen Air Force Base, Guam, for a purpose prohibited by law or lawful regulation, that is intending to engage in conduct in violation of Title 16, United States Code, Section 3372(a)(3)(A) and (4), and Title 5, Guam Code Annotated, Section 63121 and 63125, in violation of Title 18, United States Code, Section 1382.

The complaint is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.2 - (Modified to Reflect Change)

**(This Instruction is Not Necessary if the Defendant Testifies. Instead, Ninth Circuit Model Criminal Jury Instruction No 3.4 should be used.)**

       A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.3 - Defendant's Decision Not to Testify

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 18**

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have stipulated.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.6 - What is Evidence

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 19**

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.7 - What is Not Evidence (alternative language included depending on court's practice of whether closing arguments will occur before or after closing instructions)

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 20**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.8 - Direct and Circumstantial Evidence

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 21**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.9 - Credibility of Witnesses

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 22**

The defendant is on trial only for the crimes charged in the complaint, not for any other activities.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 3.11 - Activities Not Charged

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 23**

The defendant is charged in the complaint with going onto a military reservation with the intention to attempt to take wildlife with an artificial light. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to take wildlife with an artificial light; and

Second, the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime under Guam law to take wildlife with an artificial light.

Mere preparation is not a substantial step toward the commission of the taking of wildlife with an artificial light.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 5.3 - Attempt

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 24**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 5.6 - Knowingly defined

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 25**

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 7.1 - Duty to Deliberate

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 26**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 7.2 - Consideration of Evidence

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 27**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 7.3 - Use of Notes

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 28**

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 7.4 - Jury Consideration of Punishment

**COURT'S INSTRUCTION NO. \_\_**
**PROPOSED INSTRUCTION NO. 29**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

<u>Manual of Model Jury Instructions for the Ninth Circuit,</u>

(2003 Ed.) Section 7.6 - Communication With Court

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 30**

The defendant is charged in the complaint with violating Title 16, United States Code, Section 3372. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant attempted to possess wildlife;

Second, the defendant attempted to possess wildlife within the Special Maritime and Territorial Jurisdiction of the United States;

Third, the defendant knew that he was attempting to take wildlife in violation of or in a manner unlawful under state law.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 9.9 - Modified to Reflect Charge of Attempt Under 16 U.S.C. § 3372(a)(3) and (4)]

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 31**

The defendant is charged in the complaint with intentionally going upon a United States military reservation, namely Andersen Air Force Base, for a purpose prohibited by law or lawful regulation, that is attempting to take wildlife with an artificial light in violation of Guam law.

In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on April 9, 2005 Harold J. Cruz knowingly went upon a United States military reservation;

Second, that the entry on the United States military reservation was with the specific intent to engage in a purpose prohibited by law, specifically 5 GCA §§ 63121 and 63125.

Manual of Model Jury Instructions for the Ninth Circuit,

(2003 Ed.) Section 9.9 - Modified to Reflect Charge of Attempt Under 16 U.S.C. § 3372(a)(3) and (4)

# COURT'S INSTRUCTION NO. __
## PROPOSED INSTRUCTION NO. 32

Guam law regulates various issues regarding wildlife. 5 GCA § 63121 states, "[i]t shall be unlawful for any person to take, buy, sell, transport or possess any wild or feral animal, or any part thereof, *except* as authorized in this Article or as authorized by regulations made under 5 GCA §§ 62104 and 63127."

5 GCA § 62104 as mentioned above does not apply to this case.

Guam law regulates various issues regarding wildlife. 5 GCA § 63121 states, "[i]t shall be unlawful for any person to take, buy, sell, transport or possess any wild or feral animal, or any party thereof, except as authorized in this Article or as authorized by regulations made under 5 GCA §§ 62104 and 63127."

5 GCA § 62104 as mentioned above does not apply to this case.

5 GCA § 63127 authorizes the creation of wildlife regulations including but not limited to the following:

(a)  To fix, close, terminate, shorten or divide an open season or make open seasons conditional;

(b)  To prescribe the time of day when taking is permitted.

(c)  To regulate or creel limits and possession limits;

(d)  To regulate buying, selling or transporting fish and game;

(e)  To regulate the size and type of any device used for taking and regulate and method of taking;

(f)  To regulate or restrict the places where taking is permitted;

(g)  To provide for the issuances or annual hunting and fishing licenses under this Article;

(h)  To regulate the trapping and capture of wild and feral animals for the purposes of domestication under § 62104.1;

(i)  To set a fee for any licenses issued; however, in no event shall such fee exceed the sum of Five Hundred Dollars ($500.00); and

(j)     To otherwise implement or carry out the purposes of this Article.

5 G.C.A. § 63121

    5 GCA § 63125 makes it unlawful for any person to take any game with a spotlight or any other artificial light of any kind.  To be found with any spotlight with any rifle, shotgun or other firearm, and with ammunition, after sunset, in any wooded section or other place where game may reasonably be expected, shall be prima facie evidence of violation of this section.

**COURT'S INSTRUCTION NO. __**
**PROPOSED INSTRUCTION NO. 33**

"Take" means hunt, pursue, catch, capture, angle, seize, kill, trap, wound, shoot in any way or by any agency or device; every attempt to do such acts or to assist any other person in the doing of or the attempt to do such acts.

5 G.C.A. § 63101

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the

foregoing document was duly mailed and/or hand-delivered to the following on June 10, 2005:

JOSEPH TOCK
Special Assistant United States Attorney
Sirena Plaza
108 Hernan Cortez, Ste. 500
Hagatna, Guam 96910

Attorney for Plaintiff
UNITED STATES OF AMERICA

DATED: Mongmong, Guam, June 10, 2005.

_____
Alexander A. Modaber
Investigator

KIM SAVO
Attorney for Defendant
HAROLD J. CRUZ