haroldcruzjury

LEONARDO M. RAPADAS
United States Attorney
JOSEPH TOCK
Special Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAGISTRATE CASE NO. 05-00007 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **UNITED STATES'** |
| | ) | **JURY INSTRUCTIONS** |
| HAROLD J. CRUZ and | ) | |
| ERNEST Q. MUNA, | ) | [PROPOSED] |
| | ) | |
| Defendant. | ) | |
| | ) | |

In addition to the Court's usual instructions, the Government hereby requests the Court to instruct the jury as set forth in the attached proposed jury instructions. In addition, an unnumbered set, without authorities, is submitted on diskette in the event the Court wishes to submit instructions the jury.

RESPECTFULLY SUBMITTED this 14th day of June 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _Joseph Tock_
JOSEPH TOCK
Special Assistant U.S. Attorney

## INDEX

| NO. | DESCRIPTION | PAGE |
|-----|-------------|------|
| 1 | Duties of Jury to Find Facts and Follow Law ................................................ | 1 |
| 2 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof ............................................................................ | 2 |
| 3 | Reasonable Doubt - Defined ....................................................................... | 3 |
| 4 | What is Evidence ...................................................................................... | 4 |
| 5 | What is Not Evidence ................................................................................ | 5 |
| 6 | Direct and Circumstantial Evidence ............................................................ | 6 |
| 7 | Credibility of Witnesses ............................................................................ | 7 |
| 8 | Statements by Defendant ........................................................................... | 8 |
| 9 | Activities Not Charged . ............................................................................ | 9 |
| 10 | Separate Consideration of Multiple Counts ................................................. | 10 |
| 11 | Separate Consideration of Multiple Counts - Multiple Defendants.............. | 11 |
| 12 | Charts and Summaries in Evidence.............................................................. | 12 |
| 13 | Knowingly - Defined ................................................................................. | 13 |
| 14 | Knowingly - Defined ................................................................................. | 14 |
| 15 | Unlawful Taking of Wildlife - Elements...................................................... | 15 |
| 16 | Entering Military Property Elements............................................................ | 16 |
| 17 | Firearm - Defined .......................... ............................................................ | 17 |
| 18 | Title 5, GCA Section 63121......................................................................... | 18 |
| 19 | Take - Defined ......................................................................................... | 19 |
| 20 | Use of Artificial Light Prohibited................................................................ | 20 |
| 21 | Authority to Prescribe Time and Location of Hunting.................................... | 21 |
| 22 | Duty to Deliberate ..................................................................................... | 22 |
| 23 | Consideration of Evidence ......................................................................... | 23 |
| 24 | Jury Consideration of Punishment ............................................................... | 24 |
| 25 | Verdict Form ............................................................................................. | 25 |

i

26     Communication with the Court .................................................................    26

27     Stipulations of Fact ...................................................................................    27

ii

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.1

INSTRUCTION NO. 2

CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The indictment in this case accuses the defendants, HAROLD J. CRUZ and ERNEST Q. MUNA, of the crimes of Assimilative Crimes Act - Unlawful Taking of Wildlife and Entering Military Property as Misdemeanors.

The complaint says that - Count 1 - on or about April 9, 2005, in the District of Guam, the defendants, HAROLD J. CRUZ and ERNEST Q. MUNA, at a place within the special maritime and territorial jurisdiction of the United States, namely Andersen AFB, Guam, on land acquired for the United States and under its concurrent jurisdiction, did knowingly and unlawfully attempt to possess wildlife, to wit: attempted taking of wildlife, deer or wild pigs with an artificial light in violation of Title 5, Guam Code Annotated, Section 63121 and 63125, all in violation of Title 16 United States Code, Section 3372(a)(3)(A) and (4), and Title 18 United States Code, Sections 7(3) and 13; Count 2 - on or about April 9, 2005, in the District of Guam, the defendants, HAROLD J. CRUZ and ERNEST MUNA, went upon a United States military reservation, to wit: Andersen Air Force Base, Guam, for a purpose prohibited by law or lawful regulation, that isk, intending to engage in conduct in violation of Title 16, United States Code, Section 3372(a)(3)(A), and Title 5, Guam Code Annotated, Section 63121, in violation of Title 18, United States Code, Section 1382.

The complaint is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2000 Ed., § 3.2

-2-

## INSTRUCTION NO. 3

### REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that a defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

AUTHORITY:  Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.5

–3–

INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1)     the sworn testimony of witnesses, both on direct and cross-examination,
        regardless of who called the witness;

(2)     the exhibits which have been received into evidence; and

(3)     any facts to which all the lawyers have agreed or stipulated.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.6

4

# INSTRUCTION NO. 5
## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4. Anything you may have seen or heard when the court was not in session is not evidence.

You are to decide the case solely on the evidence received at the trial.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.7

5

INSTRUCTION NO. <u>6</u>

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 3.8

6

INSTRUCTION NO. 7

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness' memory;

3. the witness' manner while testifying;

4. the witness' interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness' testimony;

6. the reasonableness of the witness' testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.9

7

INSTRUCTION NO. <u>8</u>

<u>STATEMENTS BY DEFENDANT</u>

You have heard testimony that a defendant has made a statement. It is for you to decide (1) whether the defendant made the statement and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 4.1

8

INSTRUCTION NO. 9

## ACTIVITIES NOT CHARGED

The defendant is on trial only for the crimes charged in the complaint, not for any other activities.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.11

9

INSTRUCTION NO. 10

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 3.12

10

INSTRUCTION NO. <u>11</u>

<u>SEPARATE CONSIDERATION OF MULTIPLE COUNTS—MULTIPLE DEFENDANTS</u>

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All of the instructions apply to each defendant and to each count..

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 3.14

11

INSTRUCTION NO. <u>12</u>

<u>CHARTS AND SUMMARIES IN EVIDENCE</u>

Certain charts and summaries have been received into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 4.19

12

INSTRUCTION NO. 13

## KNOWINGLY - DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 5.6

13

INSTRUCTION NO. 14

KNOWINGLY - DEFINED

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that the property on which the defendant was apprehended was United States Property and part of a military reservation, to wit: Andersen AFB, and deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the property belonged to someone other than the United States, or if you find that the defendant was simply careless.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 5.7

14

INSTRUCTION NO. 15

<u>UNLAWFUL TAKING OF WILDLIFE - ELEMENTS</u>

1. That on April 9, 2005, HAROLD J. CRUZ and ERNEST Q. MUNA, did, on Andersen AFB, Guam; and

2. Knowingly and unlawfully attempt to possess wildlife to wit: attempted taking of deer or wild pigs; and

3. That the attempted taking was done with an artificial light.

Case 1:05-mj-00007    Document 20    Filed 06/14/2005    Page 18 of 30

INSTRUCTION NO. 16

ENTERING MILITARY PROPERTY  ELEMENTS

1.  That on April 9, 2005, HAROLD J. CRUZ and ERNEST Q. MUNA, went upon a

United States military reservation;

2.  That the entry on the United States military reservation was with the intent to engage

in a purpose prohibited by law or regulation.

16

## FIREARM - DEFINED

Firearm means any weapon, the operating force of which is an explosive. This definition includes pistols, revolvers, rifles, shotguns, machine guns, automatic rifles, noxious gas projectors, mortars, bombs, cannon and submachine guns. The specific mention of certain weapons does not exclude from the definition other weapons operated by explosives.

AUTHORITY:        10 Guam Code Annotated, Section 60100(a)

17

INSTRUCTION NO. <u>18</u>

<u>Title 5, Guam Code Annotated, Section 63121</u>

It shall be unlawful for any person to take, buy, sell, transport or possess any wild or feral animal, or any part thereof, *except* as authorized in this Article or as authorized by regulations made under 5 GCA §§ 62104 and 63127.

AUTHORITY:          Title 5, Guam Code Annotated, Section 63121

18

INSTRUCTION NO. _19_

## TAKE - DEFINED

Take means hunt, pursue, catch, capture, angle, seize, kill, trap, would, shoot in any way or by any agency or device; every attempt to do such acts or to assist any other person in the doing of or the attempt to do such acts;

AUTHORITY:     Title 5, Guam Code Annotated, Section 63101

19

# INSTRUCTION NO. 20

## USE OF ARTIFICIAL LIGHT PROHIBITED

It shall be unlawful for any person to take any game with a spotlight or any other artificial light of any kind. To be found with any spotlight with any rifle, shotgun or other firearm, and with ammunition, after sunset, in any wooded section or other place where any game may reasonably be expected, shall be prima facie evidence of violation of this section.

AUTHORITY: Title 5, Guam Code Annotated, Section 63101

20

INSTRUCTION NO. 21

## AUTHORITY TO PRESCRIBE TIME AND LOCATION OF HUNTING

Regulations implementing this Article shall be formulated, approved and issued in accordance with the procedures set forth in the Administrative Adjudication Act, which regulations may include but shall not be limited to the following:

(a) To fix, close, terminate, shorten or divide an open season or make open seasons conditional;

(b) To prescribe the time of day when taking is permitted;

(c) To regulate bag or creel limits and possession limits;

(d) To regulate buying, selling or transporting fish and game;

(e) To regulate the size and type of any device used for taking and regulate and method of taking;

(f) To regulate or restrict the places where taking is permitted;

(g) To provide for the issuance of annual hunting and fishing licenses under this Article;

(h) To regulate the trapping and capture of wild and feral animals for the purposes of domestication under § 62104.1;

(i) To set a fee for any licensed issued; however, in no event shall such fee exceed the sum of Five Hundred Dollars (\$ 500.00); and

(j) To otherwise implement or carry out the purposes of this Article.


AUTHORITY:          Title 5, Guam Code Annotated, Section 63127

21

INSTRUCTION NO. <u>22</u>

## <u>DUTY TO DELIBERATE</u>

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.

Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

AUTHORITY: <u>Manual of Model Jury Instructions for the</u>
<u>Ninth Circuit</u>, 2000 Ed., § 7.1

22

INSTRUCTION NO. 23

CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Some of you have taken notes during the trial. Such notes are only for the personal use of the person who took them.

AUTHORITY: Manual of Model Jury Instructions for the Ninth Circuit, 2000 Ed., § 7.2

23

INSTRUCTION NO. 24

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not

consider punishment in deciding whether the government has proved its case against the

defendant beyond a reasonable doubt.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 7.4

24

INSTRUCTION NO. <u>25</u>

<u>VERDICT FORM</u>

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the marshal or bailiff outside your door that you are ready to return to the courtroom.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 7.5

25

INSTRUCTION NO. <u>26</u>

<u>COMMUNICATION WITH THE COURT</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

AUTHORITY: <u>Manual of Model Jury Instructions for the Ninth Circuit</u>, 2000 Ed., § 7.6

26

INSTRUCTION NO. 27

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

AUTHORITY: Manual of Model Jury Instructions for the
Ninth Circuit, 2000 Ed., § 2.4

27